862 F.2d 320
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NYDAN CONSTRUCTION COMPANY, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1148.
 United States Court of Appeals, Federal Circuit.
 Oct. 3, 1988.
 
 ASBCA
 AFFIRMED IN PART, REVERSED IN PART.
 Before PAULINE NEWMAN and BISSELL, Circuit Judges, and EDWARD D. RE, Chief Judge.*
 RE, Chief Judge.
 
 DECISION
 
 1
 The decision of the Armed Services Board of Contract Appeals (Board), denying appellant, Nydan Construction Co. (Nydan), compensation for additional costs, is affirmed. The imposition of liquidated damages against appellant is reversed.
 
 OPINION
 
 2
 In 1983, appellant contracted to repair a taxiway at the Naval Air Station in Glenview, Illinois, by February 1, 1984. The contract required that tack and asphalt would not be applied to the runway during specified conditions of cold or moisture. Each year, the asphalt plants in the Chicago area close at the end of November and do not reopen until March. Since site preparation was not completed until the end of October, appellant was unable to surface the runways before the asphalt plants closed. On November 10, Nydan wrote to Government Division Headquarters asking permission to suspend work until the weather permitted completion. Nydan then stopped working on the runway, although no permission to delay performance was ever received. Work was recommenced in the spring and was completed by May 5, 1984, 95 days after the completion date of the contract.
 
 
 3
 Nydan alleged that the suspension of work over the winter was caused by the Government or by unusually severe weather conditions, and sought an increase in the contract price to compensate for the resulting increase in the cost of asphalt. Nydan also requested a remission of the liquidated damages imposed for the 95-day delay.
 
 
 4
 On appeal of the contracting officer's final decision denying the claim, the Board determined that Nydan was not entitled to additional compensation or to an extension of time. The Board also refused to remit the liquidated damages.
 
 DISCUSSION
 
 5
 If a contractor's performance is delayed as a result of Government conduct, the contractor can recover costs resulting from the delay, and obtain an extension of performance time. See Law v. United States, 195 Ct.Cl. 370, 403 (1971); J.D. Hedin Constr. Co. v. United States, 347 F.2d 235, 241, 246 (Ct.Cl.1965). The Board found that Nydan was at least partially responsible for prolonging site preparation by failing to use enough workers or power equipment. The Board also found that the Government neither actively nor constructively suspended Nydan's performance when it failed to respond promptly to Nydan's request for an extension of time. The Board, therefore, concluded that any delays were not caused by the conduct of the Government.
 
 
 6
 We hold that the Board properly rejected Nydan's claim for additional costs or equitable adjustment.
 
 
 7
 The Board also refused to remit the contractual liquidated damages of $7,125, based upon the prescribed rate of $75 per day for 95 days. Liquidated damages are presumably assessed on a daily basis to provide a graduated penalty for delay, and as an incentive for a tardy contractor to finish as quickly as possible after the contract completion date. Nydan asserts that the project was delayed for the convenience of the Government, or because of the Government's "unresponsive posture" or "unreasonable delay in administering the contract."
 
 
 8
 Although we sustain the board's findings on which it held that Nydan is not entitled to recovery of the increased cost of performance, the findings that provided the foundation of the board's award of liquidated damages are not supported by substantial evidence.
 
 
 9
 The record shows, without apparent contradiction, that the weather in much of October and November did not meet the contract's minimum moisture and temperature requirements for applying the coating. There were, according to the record, 16 days of precipitation in November, and the Board found that there were only 8 days in November wherein the temperature exceeded 50?. The agency did not dispute that its on-site representative engineer, Patterson, instructed Nydan not to proceed in below-standard temperature and moisture conditions. Furthermore, there was no evidence to show that conditions were suitable for completing the project.
 
 
 10
 It was also undisputed that there were frequent conversations on this topic, followed by Nydan's written request (written at Mr. Patterson's instruction) on November 10 for an extension of time. Nydan received no response from the agency for 2 months, and then equivocally. The only clear agency response, according to the record, was the oral instruction from Mr. Patterson that Nydan should not proceed in doubtful weather conditions.
 
 
 11
 Moreover, the shut-down of the asphalt plants from late November into March, such that the work could not be completed even if the weather permitted, weighs against assessing liquidated damages against the contractor for the period during which work was rendered impossible. It is again noted that the agency declined to modify the temperature requirements during the weeks in which the asphalt might have been laid before the shut-down of the asphalt plants. Furthermore, the record shows no objection to Nydan's staffing or equipment, or to the accommodation to the change in work schedule on an adjacent site.
 
 
 12
 On the uncontradicted record, we hold that substantial evidence does not support the board's rejection of Nydan's position that conditions beyond its control contributed to the delay. Accordingly, the award of $7,125 in liquidated damages for the 95-day delay is reversed.
 
 
 13
 BISSELL, Circuit Judge, dissenting-in-part.
 
 
 14
 I respectfully dissent from that portion of the majority opinion reversing the imposition of liquidated damages against Nydan Construction Company (Nydan). I would affirm.
 
 
 15
 The Board found that: (1) the contract provided for liquidated damages of $75 a day for each day of delay in completing the contract work beyond the contracted completion date; (2) Nydan's president understood that the contract completion date was February 1, 1984; (3) Nydan satisfactorily completed the work and the government made beneficial use of the taxiway on May 5, 1984--95 days following the required completion date; and (4) additional manning of the site preparation work and use of the specified power equipment would have resulted in the completion of the site preparation work at an earlier date. The majority does not dispute that these findings of fact are supported by substantial evidence.
 
 
 16
 Because the government met its burden of proving late completion, the Board correctly held that Nydan had to prove that its delay was excusable to be relieved of liquidated damages. Nydan failed to do this. Although Nydan submitted raw average temperature and precipitation information, it submitted no evidence of the date that it was prepared to commence the asphalt work, the amount of time it reasonably should have planned to perform that work, and the weather on that date or on subsequent dates. Accordingly, in light of Nydan's experience with Illinois autumn weather and its lack of proof on the specific weather conditions, the Board found that Nydan failed to demonstrate that its performance was prevented by the weather. The Board also held that the manner in which Nydan manned and performed the site preparation work prolonged that work and prevented Nydan from having the opportunity to begin the asphalt work until the very end of October. Thus, the Board properly concluded that Nydan's delay was not excusable.
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation pursuant to 28 U.S.C. Sec. 293(a)